11-4868
United States v. Diallo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand thirteen.

Present:      ROSEMARY S. POOLER,
              PETER W. HALL,
              DENNY CHIN,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

              -v-                                          11-4868

SAIKOU DIALLO, AKA JALO,

                        *Defendant-Appellant*.[*]

_____

Appearing for Appellant:      B. ALAN SEIDLER, ESQ., New York, NY.

Appearing for Appellee:       BRENT S. WIBLE (Michael Ferrara, Parvin Moyne, Assistant
                              United States Attorneys, Of Counsel, *on the brief*), Assistant
                              United States Attorney, Of Counsel,  *for* Preet Bharara, United
                              States Attorney for the Southern District of New York, New York,
                              NY.

Appeal from a judgment of the United States District Court for the Southern District of New York  (Kaplan, *J*.).

---

[*] The Clerk of the Court is directed to change the caption as set out above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Saikou Diallo ("Diallo") appeals from a judgment entered on November 17, 2011 by the United States District Court for the Southern District of New York (Kaplan, *J.*), following a jury trial, convicting him of Count 1, conspiracy to distribute and possess with an intent to sell crack cocaine and marijuana in violation of 21 U.S.C. § 846; Count 2, conspiracy to distribute and possess with an intent to sell crack cocaine and marijuana in violation of 21 U.S.C. § 846; and Count 6, discharge of firearms in furtherance of the conspiracy charged in Count 2 in violation of 18 U.S.C. § 924(c)(1)(A)(iii), (c)(1)(C)(i) & (c)(2). The jury also returned a special verdict, finding that the Count 1 conspiracy involved between 5 and 50 grams of crack cocaine and the Count 2 conspiracy involved at least 280 grams of crack. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Diallo makes five arguments on appeal. First, Diallo argues that there was insufficient evidence at trial to support his convictions. "We review de novo challenges to the sufficiency of the evidence." *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010). "In reviewing a claim that the evidence was insufficient to sustain a defendant's conviction, we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Id.* (internal quotation marks omitted). "Assessments of witness credibility and choices between competing inferences lie solely within the province of the jury. Where there are conflicts in the testimony, we must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010) (internal brackets, quotation marks, and ellipsis omitted). Here, Diallo's sole argument is that the four cooperating witnesses who testified against him were not credible. Given our deference to jury determinations of witness credibility, Diallo's insufficiency argument fails.

Second, Diallo claims that the Count 1 and Count 2 conspiracy charges were multiplicitous. "An indictment is multiplicitous when a single offense is alleged in more than one count." *United States v. Jones*, 482 F.3d 60, 72 (2d Cir. 2006) (internal quotation marks omitted). "A claim of multiplicity cannot succeed, however, unless the charged offenses are the same in fact and in law." *Id.* (internal quotation marks omitted). "[T]he question of whether one, or more than one, conspiracy has been proven is a question of fact for a properly instructed jury." *Id.* at 72. When not raised until appeal, we review the issue of multiplicitous counts in an indictment for plain error. *United States v. Savarese*, 404 F.3d 651, 656 (2d Cir. 2005).

Here, Diallo did not raise the multiplicitous counts issue until appeal. Diallo correctly points out that the district court did not explicitly instruct the jury to consider whether one, or more than one, conspiracy has been proven by the government. However, the government introduced evidence that Diallo participated in two conspiracies that differed in time period, participants, and geographic scope. *See United States v. Macchia*, 35 F.3d 662, 667 (2d Cir. 1994) (quoting *United States v. Korfant*, 771 F.2d 660, 662 (2d Cir. 1985)) (listing factors to consider in determining whether two conspiracies are one offense). Accordingly, we do not find plain error.

2

Next, Diallo claims that the district court erred by refusing to strike the testimony of New York Police Department Detective Thomas Gergley, who attempted to authenticate a gun allegedly seized by the police during a search of Diallo's van on October 26, 2009. The district court ruled that the gun was inadmissible due to a break in the chain of custody, but denied Diallo's motion to strike Gergley's foundational testimony. Diallo contends that this denial was in error.

"We review a trial judge's evidentiary rulings for abuse of discretion. Additionally, we will not order a new trial because of an erroneous evidentiary ruling if we conclude that the error was harmless." *United States v. Abreu*, 342 F.3d 183, 190 (2d Cir. 2003) (internal citation omitted). In this case, the district court did not abuse its discretion. Diallo points to no authority for the proposition that the foundational testimony had to be stricken. Furthermore, as Gergley only described the authentication process and did not identify the authenticated exhibit as a gun, any arguable evidentiary error was harmless.

Fourth, Diallo argues that the government improperly bolstered the credibility of the four cooperating witnesses by introducing their cooperation agreements at trial and eliciting testimony about the truth-telling provisions in the agreements. "Because truth-telling provisions are used by the government primarily to bolster the credibility of a witness, the admission of testimony concerning such provisions before the credibility of a witness has been challenged runs afoul of the well established rules of evidence that absent an attack on the veracity of a witness, no evidence to bolster his credibility is admissible." *United States v. Gaind*, 31 F.3d 73, 78 (2d Cir. 1994) (internal citation and quotation marks omitted). "However, such testimony is admissible after the credibility of the witness has been challenged." *Id.* "Such an attack may come in a defendant's opening statement." *Id.* (internal quotation marks omitted). When the defendant does not object at trial, we review the introduction of truth-telling provisions for plain error. *Id.* at 76.

Diallo did not object to the introduction of the truth-telling provisions at trial. Furthermore, Diallo attacked the credibility of the cooperating witnesses in his opening statement. Accordingly, the admission of the truth-telling provisions of the witnesses' cooperation agreements was not error, much less plain error.

Finally, Diallo challenges the district court's adoption of the probation department's calculation in the Presentence Report ("PSR") of a base offense level of 36, based on an attributed amount of crack cocaine between 2.8 kilograms to 8.4 kilograms. *See* USSG § 2D1.1(c)(2). Diallo contends that this "unconstitutionally overrode the jury finding" because the base offense level calculation was based on a greater amount of crack cocaine than the amounts the jury attributed to Diallo in its special verdict.

"[W]e review a district court's legal application of the Guidelines *de novo*, [and] we review its factual findings deferentially for clear error, bearing in mind that the standard of proof at sentencing is a preponderance of the evidence." *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004) (internal citations omitted). However, for a Sixth Amendment "challenge to the Guidelines that was never presented to the district court, we review only for plain error." *United States v. Garcia*, 413 F.3d 201, 205 (2d Cir. 2005). Diallo did not object to the PSR on Sixth Amendment grounds before the district court. Furthermore, we have held a district court may

3

"make its own preponderance finding of a higher drug quantity than the amount found by the jury," *United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2006), provided the sentence imposed did not exceed the statutory maximum authorized by the verdict. *See United States v. Vaughan*, 430 F.3d 518, 527 (2d Cir. 2005). Accordingly, we do not find plain error.

We have considered Diallo's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4